UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RON MOATTAR,<br><br>          Plaintiff,<br>     v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>          Defendant. | CASE NO. 2:25-cv-00660-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO REMAND |

This matter comes before the Court on Plaintiff Ron Moattar's unopposed Motion to Remand Case to State Court. Dkt. No. 12; *see also* Dkt. No. 14 at 1 (Defendant's "notice of non-opposition"). For the reasons outlined below, the Court GRANTS the motion and remands the case to state court.

## I.   BACKGROUND

This case arises from a motor vehicle accident that occurred on February 25, 2022. Dkt. No. 1-1 at 2. On that date, uninsured driver Yoon Lee rearended Moattar's vehicle, injuring Moattar. *Id.* Lee was subsequently issued a citation for "following too closely." *Id.* At the time of

ORDER GRANTING UNOPPOSED MOTION TO REMAND - 1

the collision, Moattar was insured by Defendant Progressive Direct Insurance Company. *Id.* The complaint does not allege any specific amount Moattar seeks to recover in this action. *See generally id.* In justifying removal to federal court, Progressive stated:

> Prior to filing suit, plaintiff made a settlement demand seeking $31,139.58 in special damages, not including general damages. (Addanki Decl., ¶ 7.) In addition, plaintiff now claims for "all special *and general damages* set forth herein, for pre-judgment interest on all liquidated sums, for all costs and expenses incurred, including reasonable attorney's fees, and for such other relief as the Court deems fair and just." (Complaint, p. 4) (emphasis added.)

Dkt. No. 1 at 3; *see also* Dkt. No. 12-2 (settlement demand letter). In his ensuing motion to remand, Moattar argued that "Defendant's entire Removal action rests on Plaintiff's demand letter which states the claim for damages includes $31,139.58 in past incurred special damages," such that Progressive "cannot meet [its] burden to prove the amount in controversy exceeds $75,000." Dkt. No. 12 at 2–3.

## II.    DISCUSSION

### A.    Legal Standard

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction

exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation modified). Doubts as to removability are thus resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). When a case is removed, the burden is on the removing defendant to prove by a preponderance of the evidence that the amount in controversy requirement is met. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

**B.     The Amount in Controversy Is Not Met**

Progressive's non-opposition to the motion to remand, Dkt. No. 14 at 1, is an admission that Moattar's motion has merit, LCR 7(b)(2). Indeed, the record fails to show that the amount in controversy here exceeds $75,000. As Moattar points out, Dkt. No. 12 at 5, Progressive's notice of removal is entirely bereft of any indicia that the amount in controversy is met, *see* Dkt. No. 1 at 3. That notice states that the basis for removal was a "settlement demand seeking $31,139.58 in special damages" which Moattar made prior to the filing of this suit. *Id.* However, aside from the allegation that the amount is controversy is "far in excess of $75,000," no reference is made to any other concretized damages. *Id.* Instead, Progressive simply avers that the settlement demand amount, in conjunction with Moattar's claim for "all special and general damages," Dkt. No. 1-1 at 4, satisfies the amount in controversy. Dkt. No. 1 at 3. This conclusory assertion does not suffice to meet the burden on Progressive to demonstrate that the amount in controversy is met for diversity jurisdiction.

## III. CONCLUSION

For the reasons set forth above, the Court GRANTS Moattar's motion to remand. Dkt. No. 12. The Court further ORDERS that

1. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Superior Court for King County in the State of Washington;
2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County;
3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County; and
4. The Clerk of the Court shall CLOSE this case.

Dated this 9th day of June, 2025.

*Lauren King*

Lauren King
United States District Judge